UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JEFFREY E. HAGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:05-CV-089 RM |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND OPINION**

This case arises out of a Federal Employers' Liability Act claim filed by Plaintiff on February 11, 2005. On November 8, 2005, Plaintiff filed a motion to quash or, in the alternative, a motion for a protective order. On November 9, 2005, Plaintiff filed a motion to quash a deposition notice, and on November 14, 2005, Plaintiff filed a motion for a protective order. This Court now enters an order and opinion on all pending discovery motions.

**I.     RELEVANT BACKGROUND**

At all times relevant to this case, Plaintiff was employed by Defendant as a railroad conductor. On March 5, 2002, Plaintiff was part of a three man crew working in Malden, Indiana. Plaintiff's crew was instructed that they would encounter an empty hopper near Lacrosse, Indiana. When the crew did not find the empty hopper, Plaintiff asserts that someone called the yardmaster for instructions. Plaintiff does not recall whether the call was placed using a cellular phone or a radio.

When the crew reached the Malden facilities, Plaintiff attempted to perform his switching duties. However, the ground was allegedly covered in snow. Plaintiff asserts that due to the lack

of ground maintenance, he lost his balance, twisted his ankle, and suffered severe and permanent injuries.  Plaintiff seeks compensation for those injuries.

## II.   LEGAL STANDARD FOR COMPELLING DISCOVERY

Fed. R. Civ. P. 26 (b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party."  Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26 (b)(1). For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Chavez v. Daimler Chrysler, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978)).  "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." Caremark, Inc. v. Affiliated Computer Services, Inc., 195 F.R.D. 610, 613 (N.D. Ill. 2000).

This Court has broad discretion when deciding whether to compel discovery.  Fed. R. Civ. P. 26(c); Sattar v. Motorola, Inc., 138 F.3d 1164, 1171 (7th Cir. 1998) ("[D]istrict courts have broad discretion in matters related to discovery."); Gile v. United Airlines, Inc., 95 F.3d 492, 495-96 (7th Cir. 1996) ("The district court exercises significant discretion in ruling on a motion to compel.").  In ruling on a motion to compel, "a district court should independently determine the proper course of discovery based upon the arguments of the parties." Gile, 95 F.3d at 496.

**III.    PLAINTIFF'S MOTION TO QUASH SUBPOENA**

On November 8, 2005, Plaintiff filed a motion to quash a subpoena or in the alternative, a protective order.  On October 21, 2005, Defendant served upon non-party Sprint Wireless, a subpoena issued by the District Court in Kansas for Plaintiff's cellular telephone bills from January 1, 2002 to the present.  Plaintiff seeks to quash the subpoena because he asserts that the request is overly broad.

With regards to Plaintiff's request to quash the subpoena, Plaintiff's motion must be denied.  Fed. R. Civ. P. 45(c)(3)(A) states that on timely motion, the court by which a subpoena was issued shall quash or modify the subpoena.  Because this Court was not the court that issued the subpoena, it cannot quash the subpoena.  Accordingly, Plaintiff's motion to quash the subpoena is **DENIED**.

Plaintiff, however, asks that in the event this Court did not quash the subpoena, it issue a protective order.  Fed. R. Civ. P. 26 states that upon motion, the court may make any order necessary to protect a party or a person from annoyance, embarrassment, oppression, or undue burden or expense.  Plaintiff concedes that due to his comment that a phone call was placed to the yardmaster, his phone records from the day of the accident should be released.  However, Plaintiff again asserts that the phone records are private information and that the request is nothing more than a fishing expedition because it will not lead to relevant information.  Furthermore, Plaintiff contends that the request is overly burdensome.  Defendant however, asserts that it doubts the veracity of Plaintiff's allegations regarding the nature and duration of his injuries.  Defendant contends that accessing Plaintiff's phone records for the entire four years could lead to information regarding Plaintiff's activities during that time.

While the discovery rules are liberal, a party's discovery requests must be reasonably calculated to lead to the discovery of admissible evidence.  Defendant's discovery request is not reasonably calculated to lead to admissible evidence.  Rather it appears to be nothing more than the proverbial "fishing expedition."  Defendant has provided no explanation as to why the telephone records for the two months before the date of the accident would lead to any evidence that would be relevant to the facts surrounding this case.  Furthermore, the telephone records from March 6, 2002, until the present do not appear to be reasonably calculable to lead to admissible evidence.  While the records may have a possibility of leading to evidence, a slight possibility does not meet even the most liberal discovery standards.  If Defendant wishes to test Plaintiff's veracity, as Defendant claims, it may do so by conducting a deposition.  Consequently, Plaintiff's motion for a protective order is **GRANTED**.  Defendant is entitled only to Plaintiff's telephone records from March 5, 2002.

**IV.    PLAINTIFF'S MOTION TO QUASH THE DEPOSITION OF DR. STEPHEN WRIGHT**

On November 9, 2005, Plaintiff filed a motion to quash the deposition of Dr. Stephen Wright.  Dr. Wright performed surgery on Plaintiff on June 1, 2004, for a shoulder injury.  Plaintiff asserts that the deposition is nothing more than a fishing expedition as Dr. Wright possesses no relevant information regarding Plaintiff's alleged injury, namely his ankle.  Dr. Wright has never treated Plaintiff for his ankle injury.  Defendant however, contends that Dr. Wright may be able to provide relevant evidence.  Defendant alleges that since his accident, Plaintiff has visited many doctors for various ailments.  However, Plaintiff is only entitled to recover for the time he was not able to work due to his ankle injury.  Defendant is attempting to

4

acquire information regarding Plaintiff's other injuries which may have precluded him from working.

By alleging a physical injury, Plaintiff has put his physical condition at issue in this case. Thus, under the liberal discovery standards, Defendant may discover "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Chavez v. Daimler Chrysler, 206 F.R.D. 615, 619 (S.D. Ind. 2002). Although Dr. Wright did not treat Plaintiff's ankle, it is likely that Dr. Knight may have relevant information concerning Plaintiff's work capabilities based upon other injuries, as well as Plaintiff's lifestyle. Consequently, because Plaintiff has put his physical condition at issue and because the deposition may lead to relevant information, Plaintiff's motion to quash the deposition [Doc. No. 20] is **DENIED**.

### V.    PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

On November 14, 2005, Plaintiff filed a motion for a protective order to protect documents disclosed to Defendant during discovery. Plaintiff asserts that Defendant should only be allowed to view these documents in the context of this litigation and not for other purposes that may be a detriment to Plaintiff's employment.

The Seventh Circuit has a very stringent standard regarding protective orders. When granting a proposed protective order, this Court must independently determine whether "good cause" exists to seal the requested information from the public record. Fed.R.Civ.P. 26(c); Citizens First National Bank of Princeton v. Cincinnati Insurance Co., 178 F.3d 943, 944 (7th Cir.1999). In doing so, this Court must not grant parties *carte blanche* to seal or protect whatever they desire. Citizens, 178 F.3d at 944; See also Pierson v. Indianapolis Power & Light

5

Co., 205 F.R.D. 646, 647 (S.D. Ind. 2002) ("Independent and careful evaluations of protective orders are especially important because '[t]he judge is the primary representative of the public interest in the judicial process....'") (quoting Citizens, 178 F.3d at 945). In other words, this Court cannot serve as a rubber stamp whenever parties wish to seal public records, but must review all requests to seal documents in light of the public interest in the judicial process. Citizens, 178 F.3d at 945 (citing In re Krynicki, 983 F.2d 74 (7th Cir.1992); Miller, Arthur M., Confidentiality, Protective Orders, and Public Access to the Courts, 105 Harv. L.Rev. 427, 492 (1991)).

When reviewing a protective order seeking to seal documents produced in discovery, this Court must ensure that "(1) the information sought to be protected falls within a legitimate category of confidential information, (2) the information or category sought to be protected is properly described or demarcated, (3) the parties know the defining elements of the applicable category of confidentiality and will act in good faith in deciding which information qualifies thereunder, and (4) the protective order explicitly allows any party and any interested member of the public to challenge the sealing of particular documents." Pierson, 205 F.R.D. at 647 (citing Citizens, 178 F.3d at 946).

Plaintiff provides a list of eight items which it seeks to protect. Although some of this information may be protectable, Plaintiff's motion seeks to protect "all information and documentation obtained during discovery." As it stands, Plaintiff's motion does not limit protected documents to discrete categories by date, source, contents, or any other means, but rather seeks to expand the order's reach to any document, interrogatory answer, deposition testimony, or information obtained though any means discovery. It simply fails to provide

6

sufficient protection against improper sequestration of public records. For a protective order to comport with circuit precedent and the Federal Rules, Plaintiff needs to limit the order in scope to ascertainable categories, demonstrating that the protected information is in fact confidential and protected in good faith.  Furthermore, Plaintiff does not provide any method by which a party or an interested member of the public may challenge the sealing of document.  As a result, Plaintiff's motion for a protective order [Doc. No. 21] is **DENIED WITHOUT PREJUDICE**. Plaintiff may refile a motion for a protective order that complies with Seventh Circuit precedent.

**VI.   CONCLUSION**

For the aforementioned reasons, this Court:

- **DENIES IN PART** and **GRANTS IN PART** Plaintiff's motion to quash or in the alternative for protective order [Doc. No. 19].  Specifically this Court;
    - **DENIES** Plaintiff's motion as it pertains to quashing the subpoena;
    - **GRANTS** Plaintiff's motion as it pertains to a protective order.  Defendant is only entitled to the telephone records from March 5, 2002;

- **DENIES** Plaintiff's motion to quash the deposition of Dr. Knight [Doc. No. 20];

- **DENIES WITHOUT PREJUDICE** Plaintiff's motion for a protective order [Doc. No. 21].

**SO ORDERED.**

Dated this 6th Day of December, 2005.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge